IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CLARENCE LYLES | § | |
| v. | § | CIVIL ACTION NO. 6:15cv888 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Clarence Lyles, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of the computation of his sentence. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Lyles asserts that he has a liberty interest in the work time he has earned. He concedes that the Texas state courts have held that "work time" is not credited to his sentence, but maintains that the state courts are wrong in their interpretation of state law. As proof of this, he attaches a time calculation sheet from TDCJ which shows his calendar time as nine years, six months, and 25 days, his "good time credited" as eight years, seven months, and eight days, and his "work time credited" as four years, eight months, and 22 days, for a "total time credited" of 22 years, ten months, and 25 days.

Lyles argued that good time and work time are not synonymous because good time is given simply for refraining from misconduct. The time sheet shows good time and work time separately, so putting them together would amount to "fraudulent misrepresentation." While he acknowledges

1

that good time is a privilege and not a right, Lyles insists that work time is a "documented entitlement."

Lyles also complains that prosecutors tell juries that defendants will gain early release if they work and have no disciplinary infractions, and the trial judge repeats this same statement to the jury. He asks that his work time be credited to his sentence along with his flat (i.e. calendar) time and states that failure to honor his work time is a Thirteenth Amendment violation.

**II. The Magistrate Judge's report**

The Magistrate Judge issued a report recommending that the petition be dismissed. After noting that Lyles previously filed a civil rights lawsuit raising this same claim, which lawsuit was dismissed as frivolous, the Magistrate Judge stated that under Texas law, good time and work time are the same, because work time is simply good time which is given for working. Texas law also does not authorize the reductions of sentences through the application of good time credits. Instead, the sole purpose of good time is to advance eligibility for parole or mandatory supervision. There is no mandatory language for work time; rather, Tex. Gov. Code art. 498.003(d) provides that an inmate "may" accumulate good conduct time for "diligent participation in an industrial program or other work program."

Although Lyles complained about statements made by prosecutors and judges to juries in criminal trials, the Magistrate Judge determined that these statements do not create a liberty interest in having work time credited to the term of a sentence. Texas law provides for an instruction to the jury stating that the defendant may earn time off of his period of incarceration through the award of good conduct time, but the jury is also told that it cannot accurately be predicted how the parole law or good conduct time will be applied. While the jury may consider the existence of these laws, the instructions prohibit consideration of the extent to which good conduct time may be earned or forfeited by this particular defendant. The Magistrate Judge stated that jurors are instructed that through good time, a defendant may earn time off of his "period of incarceration," which is an

2

accurate instruction because the time off of incarceration is accomplished through the award of parole or mandatory supervision.[1]

Although Lyles complained of a Thirteenth Amendment violation, the Magistrate Judge stated that inmates sentenced to incarceration could not state a viable Thirteenth Amendment claim if the prison officials require them to work, even without compensation. The Magistrate Judge rejected Lyles' claim of a liberty interest and determined that his claim that work time credits reduced the term of his sentence is incorrect as a matter of Texas law.

### III. Lyles' Objections

In his objections, Lyles first points to his time sheet, which shows "work time credited." Second, he asserts that he is not seeking "work time entitlement," but rather work time "earned and credited entitlements issued by the State of Texas." Lyles contends that these are "clearly written on the state issued documents, which are definite as well as exact, and specific with years, months, and days calculated."

> Lyles' third objection reads as follows:
>
> The activity in this case is the State's failure to physically enforce work time entitlement by intentional use of fraud and material misrepresentation.
>
> The activity argued from the district court is not the activity in the case presented by appellant. The misquotes and deprivation of the verb suffix '-ed' throughout the brief [sic] at key locations has altered the meaning of the time slip documents.

His fourth objection reads as follows:

> From paragraph 4, page 1. Again petitioner's litigation is altered to where it shows no meaning. *Marshall v. Jerrico*, 446 U.S. 238, 242, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). 'The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law.'

Paragraph 4 of page 1 of the magistrate judge's report consists of a synopsis of Lyles' claims, but Lyles fails to show that this synopsis was inaccurate.

---

[1]Lyles himself is not eligible for release on mandatory supervision.

**IV. Discussion**

The Magistrate Judge correctly determined that under Texas law, good time and work time are the same; work time is simply good time which is given for working. Tex. Gov. Code §498.003(d); *Parks v. Perry*, civil action no. 5:06cv255, 2007 U.S. Dist. LEXIS 8250 (E.D.Tex., February 6, 2007), *aff'd* 2008 U.S. App. LEXIS 7796 (5th Cir., April 10, 2008). Lyles' contention that the state courts are incorrect in their interpretation of state law lacks merit because the federal courts must defer to the state court's interpretation of its own law. *Valles v. Lynaugh*, 835 F.2d 126, 127-28 (5th Cir. 1988).

The fact that the TDCJ time sheet lists "work time credited" separately from "good time credited," and the sheet lists the total amount of flat time, good time, and work time does not alter established Texas law holding that good time does not reduce the term of the sentence imposed. *See Ex Parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994, *reh. den.*). The Texas statutes allowing the jury to hear of the existence of good time also do not convey any sort of liberty interest in good time or work time, much less any entitlement that such awards will reduce the term of the sentence. *Gordon v. Perry*, civil action no. 5:06cv242, 2007 U.S. Dist. LEXIS 8244 (E.D.Tex., February 6, 2007), *aff'd* 2007 U.S. App. LEXIS 28869 (5th Cir., December 13, 2007), *cert. denied*, 2008 U.S. LEXIS 4596 (June 2, 2008). The magistrate judge properly determined that Lyles failed to show a Thirteenth Amendment violation. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001). Lyles' third and fourth objections are unclear; the Supreme Court decision he cites concerned whether or not the return of money collected as civil penalties to the Employment Standards Administration for reimbursement of costs created an impermissible risk and appearance of bias by encouraging regional administrators to make unduly numerous and large assessments of civil penalties. Lyles' citation refers to the importance of neutrality in administrative proceedings but he fails to show how this principle applies to his claims. His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1)(district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the Magistrate Judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Clarence Lyles is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 10th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE